IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *MADISON L. REYNOLDS,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-1370 |
| | ) | |
| *UNITY HOSPICE GSL, LLC*, | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Serve:** | ) | |
| | ) | |
| **CT Corporation Sys., Registered Agent** | ) | |
| **120 S. Central Ave.** | ) | |
| **St. Louis, MO 63105** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| *UNITY HOSPICE OF GREATER* | ) | |
| *ST. LOUIS, LLC,* | ) | |
| | ) | |
| **Serve:** | ) | |
| | ) | |
| **CT Corporation Sys., Registered Agent** | ) | |
| **120 S. Central Ave.** | ) | |
| **St. Louis, MO 63105** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE MISSOURI HUMAN RIGHTS ACT**

Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiff, Madison L. Reynolds, files this Complaint against Defendants, Unity Hospice GSL, LLC and Unity Hospice of Greater St. Louis, LLC (collectively "Unity Hospice"):

**PARTIES AND JURISDICTION**

1. Madison Reynolds is an individual residing at all relevant times in St. Louis County, Missouri.

2. Both defendants are Illinois limited liability companies in good standing with their principal place of business in the City of St. Louis, Missouri.

3. This Court may exercise personal jurisdiction over defendants because they have sufficient contacts with Missouri and this judicial district in that their principal place of business at all relevant times is at 6406 Wise Avenue, St. Louis 63139, in the City of St. Louis, Missouri and the events alleged in this Complaint occurred in the City of St. Louis, Missouri.

4. This Court may exercise jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331 and §1343 and 42 U.S.C. §2000e-5(f) because this lawsuit presents a federal question in that this civil action arises under the laws of the United States and specifically under Title VII of the Civil Rights Act of 1964. This Court may exercise supplemental jurisdiction over the claim in this lawsuit alleging violation of the Missouri Human Rights Act because that claim is so related to the claim in this lawsuit within this Court's original jurisdiction that those claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 42 U.S.C. §2000e-5(f)(3).

**FACTS COMMON TO ALL COUNTS**

6. At all relevant times, Madison Reynolds has been a registered nurse, holding license number 2022043704 from the State of Missouri.

7. Ms. Reynolds is also a practicing Catholic, who believes abortion is always wrong and that it is wrong to use any derivative of aborted fetuses. In November 2022, Ms. Reynolds understood that the COVID-19 vaccines all used, either in the development, production, or testing

of the vaccine, fetal cell lines that descend from abortions. Her sincerely-held religious and ethical belief is that elective abortion is always wrong since it is a grave offence against the Commandment "Thou shall not kill." Her sincerely held religious and ethical beliefs further prohibited her from benefitting from an abortion because she would be cooperating in a serious religious and ethical wrong.

8. On November 3, 2022, Ms. Reynolds applied through Indeed.com for a nursing job with Unity Hospice by submitting her application and résumé online. A recruiter contacted her, and Ms. Reynolds was then scheduled for an in-person interview with Alan Swidler, Unity Hospice's administrator.

9. On November 8, 2022, Ms. Reynolds interviewed in person with Alan Swidler and Debbi Slay at Unity Hospice's office in the City of St. Louis. As a summary, the interview went well for 45 minutes, and Mr. Swidler and Ms. Slay expressed interest in hiring Ms. Reynolds. Then Mr. Swidler asked Ms. Reynolds if she was vaccinated. Ms. Reynolds said she was not, due to religious reasons. Suddenly, Mr. Swidler and Ms. Clay said they could no longer interview her for the position. The three discussed more details about Ms. Reynolds previous nursing work and Unity Hospice's employees, and Mr. Swidler said that some of Unity Hospice's nurses with direct patient care were not vaccinated, but Mr. Swidler said it was not going to work and he was ending the interview. Ms. Reynolds thanked them for their time and left. Ms. Reynolds never heard from Unity Hospice and never received a job offer from Unity Hospice.

10. Ms. Reynolds dually filed a timely charge of discrimination with the Missouri Commission on Human Rights and the U.S. Equal Employment Opportunity Commission on December 16, 2022.

11. Ms. Reynolds received her right to sue letters from the Missouri Commission on Human Rights on October 4, 2024 and from the Equal Employment Opportunity Commission on October 7, 2024.

12. This lawsuit is timely-filed within 90 days of those right to sue letters being issued.

13. This lawsuit is timely-filed within two years Unity Hospice's religious discrimination against Ms. Reynolds, on November 8, 2022.

## COUNT I:
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

14. Madison Reynolds re-states her allegations in paragraphs 1 – 13 as if set forth here.

15. 42 U.S.C. §2000e–2(a)(1) states that it is an unlawful employment practice for an employer to fail or refuse to hire any individual because of such individual's religion.

16. Ms. Reynolds was qualified for the nursing position for which she applied with Unity Hospice, but Unity Hospice failed and refused to hire her for that position because of her sincerely-held religious beliefs and religious practices.

17. A motivating factor for Unity Hospice's decision to reject Ms. Reynolds' job application was her religion. Absent her status as not vaccinated against COVID-19, which she made clear was because of her religion, Ms. Reynolds would have gotten the job with Unity Hospice.

18. Unity Hospice's decision to fail and to refuse to hire Ms. Reynolds has proximately-caused her damages, including emotional distress, lost wages, and lost benefits.

19. Unity Hospice failed to accommodate Ms. Reynolds' religious beliefs and practices, in violation of Title VII. Reasonable accommodations of Ms. Reynolds religious beliefs and religious practices existed and would not have imposed an undue hardship on Unity Hospice,

and Unity Hospice should have provided those.  Instead, it failed to discuss any accommodations with Ms. Reynolds and simply refused to hire her.

20.     Unity Hospice's behavior described in Count I of this Complaint was outrageous and extreme and taken with reckless disregard of Ms. Reynolds' rights under Title VII, and an award of punitive damages is therefore warranted.

Therefore, Madison Reynolds requests a trial by jury and for a judgment against Defendants, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, costs of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

## COUNT II:
## RELIGIOUS DISCRIMINATION IN VIOLATION OF
## THE MISSOURI HUMAN RIGHTS ACT

21.     Madison Reynolds re-states her allegations in paragraphs 1 – 20 as if set forth here.

22.     Section 213.055.1(1)(a) RSMo. states that it is an unlawful employment practice for an employer, because of the religion of any individual, to fail or refuse to hire any individual.

23.     Ms. Reynolds was qualified for the nursing position for which she applied with Unity Hospice, but Unity Hospice failed and refused to hire her for that position because of her sincerely-held religious beliefs and religious practices.

24.     A motivating factor for Unity Hospice's decision to reject Ms. Reynolds' job application was her religion.  Absent her status as not vaccinated against COVID-19, which she made clear was because of her religion, Ms. Reynolds would have gotten the job with Unity Hospice.

25.     Unity Hospice failed to accommodate Ms. Reynolds' religious beliefs and practices, in violation of the Missouri Human Rights Act.  Reasonable accommodations of Ms.

Reynolds religious beliefs and religious practices existed and would not have imposed an undue hardship on Unity Hospice, and Unity Hospice should have provided those. Instead, it failed to discuss any accommodations with Ms. Reynolds and simply refused to hire her.

26. Unity Hospice's decision to fail and to refuse to her Ms. Reynolds has proximately-caused her damages, including emotional distress, lost wages, and lost benefits.

27. Unity Hospice's behavior described in Count II of this Complaint was outrageous and extreme and taken with reckless disregard of Ms. Reynolds rights under the Missouri Human Rights Act, and an award of punitive damages is therefore warranted.

28. Pursuant to Federal Rule of Civil Procedure 38(b)(1), Madison Reynolds demands a trial by jury on all issues so triable.

Therefore, Madison Reynolds requests a trial by jury and for a judgment against Defendants, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, costs of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

THE CAVANAUGH LAW FIRM, L.L.C.

By:   /s/ Bryan P. Cavanaugh
      Bryan P. Cavanaugh, MO #50013
      75 W. Lockwood Avenue, Suite 222
      St. Louis, MO 63119
      (314) 308-2451
      (314) 754-7054 (Fax)
      E-mail: bcavanaugh@cavanaugh-law.com
      *Attorneys for Plaintiff*